**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| R.J., *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ADENA HEALTH SYSTEM,<br><br>Defendant. | Case No.: 2:24-CV-00282<br><br>Judge James L. Graham<br><br>Magistrate Judge Chelsey M. Vascura |

**<u>DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS</u>**

Pursuant to Civ.R. 12(b)(6), Defendant Adena Health System ("Adena") hereby moves to dismiss Counts II through VII of Plaintiff's Class Action Complaint (the "Complaint") for failure to state a claim upon which relief can be granted. Count I of the Complaint asserts what is known as a "*Biddle* claim" following the Ohio Supreme Court's decision in *Biddle v. Warren General Hospital*, 715 N.E.2d 518 (Ohio 1999). Adena does not move to dismiss that claim. However, as set forth more fully in the accompanying memorandum of law:

- Count II, which asserts a claim for an alleged violation of the federal Electronic Communications Privacy Act, fails because the Act does not apply when one party to the communication consents to the supposed interception. Adena is alleged to have been a party and consented to the communications at issue, and no alleged basis exists – or reasonably could exist – on which to invoke the Act's so-called crime-tort exception for party liability;
- Counts III through VII – which assert claims under Ohio law for civil liability based on criminal acts (Count III), invasion of privacy (Count IV), unjust enrichment

(Count V), breach of fiduciary duty (Count VI), and negligence (Count VII) – all arise from the same factual root as, and therefore are subsumed by, the *Biddle* claim, as the Ohio Supreme Court has repeatedly affirmed; and

- Counts III, V, and VII fail for additional reasons. Count III for civil liability based on criminal acts is grounded on an Ohio statute that does not apply where, as here, the supposedly criminal acts at issue arise under foreign law. Count V for unjust enrichment fails because Plaintiff does not adequately allege that she provided a benefit to Adena or any injustice in Adena retaining that supposed benefit. And Count VII for negligence is barred by the economic loss doctrine.

The specific grounds and supporting authority for this Motion are detailed in the accompanying memorandum of law, filed contemporaneously herewith.

Respectfully submitted,

*/s/ Christopher G. Dean*
Christopher G. Dean (0092883)
McDonald Hopkins LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
cdean@mcdonaldhopkins.com

*Trial Attorney for Adena Health System*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Christopher G. Dean*
Christopher G. Dean (0092883)
McDonald Hopkins LLC

*Trial Attorney for Adena Health System*