UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**R.J.,**

    **Plaintiff,**

    v.                                          Civil Action 2:24-cv-282
                                                                  Judge James L. Graham
                                                                  Magistrate Judge Chelsey M. Vascura

**ADENA HEALTH SYSTEM,**

    **Defendant.**

## ORDER

    This matter is before the Court on Plaintiff's Unopposed Motion for Leave to Proceed Pseudonymously (ECF No. 12). Plaintiff filed her Complaint on January 19, 2024, identifying herself as R.J. (ECF No. 1.) The claims in Plaintiff's Complaint arise out of allegations that Defendant, Adena Health System, shared Plaintiff's and other patients' personally identifiable information and protected health information, without their knowledge or consent, with third parties such as Facebook and Google. (*Id.*) Plaintiff's Motion states that she is willing to disclose her identity to Defendant and to the Court. (ECF No. 12.) Plaintiff requests that she otherwise remain anonymous because her protected health information at issue in the litigation "is the subject of a very personal or private nature" and that one of her particular health conditions carries a stigma, which "can lead to impaired mental well-being and poorer health outcomes." (*Id.*)

    Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain

circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Plaintiff addresses only one of the *Porter* factors, asserting that her protected health information is "of the utmost intimacy." It is true that health information is subject to many federal and state statutory and regulatory protections; but "[a]lthough these laws support the nondisclosure of medical records, they do not entitle [Plaintiff] to litigate under a pseudonym." *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020). Instead, when faced with litigation that inevitably requires the consideration of a party's protected health information, courts typically require the party to proceed under their own name while permitting the party's health information to be filed in redacted form or under seal. *See, e.g.*, *Doe, D.O. v. OhioHealth Corp.*, No. 2:20-CV-2166, 2020 WL 12583953, at *2 (S.D. Ohio May 26, 2020); *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 3029085, at *2 (W.D. Mich. Jan. 12, 2018), *report and recommendation adopted*, 2018 WL 1312219 (W.D. Mich. Mar. 14, 2018).

Moreover, although Plaintiff asserts that stigmas associated with health conditions may result in impaired mental well-being and poorer health outcomes, her motion is devoid of any suggestion that she personally has suffered or will suffer any ill effects as a result of her stigmatized health condition. *See Carson*, 2020 WL 2611189, at *3 (denying leave to proceed pseudonymously in part because "Doe did not assert any harassment by the defendants or claim any potential exacerbation of her mental illness"); *cf. Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1026–27 (S.D. Ohio 2021) (granting leave to proceed pseudonymously in part due to Plaintiff's demonstrated prior harassment).

Given that none of the *Porter* factors weigh in favor of anonymity, Plaintiff has failed to identify circumstances justifying a departure from the general rule in favor of public access to judicial proceedings. Therefore, Plaintiff's motion for Leave to Proceed Pseudonymously (ECF No. 12) is **DENIED**. Plaintiff is **ORDERED** to file an amended complaint that identifies herself as required by Rule 10(a) **WITHIN SEVEN DAYS** of the date of this Order. Plaintiff may also seek leave of Court to have her previous filings containing protected health information placed under seal and to file redacted versions of those documents on the public docket in accordance with S.D. Ohio Civ. R. 5.2.1.


   **IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE